No. ——

First Circuit

——

ANDERSON LUMBER CO. v. ROBINSON

AND

ROBINSON v. ANDERSON LUMBER CO.

——

(January 7, 1927. Opinion and Decree.)
(June 28, 1927. Opinion and Decree on
Rehearing.)

——

(*Syllabus by the Editor.*)

1. Louisiana Digest—Appeal — Par. 625,
630.

The finding of the trial court erroneously
charging plaintiff for timber adjudged
to the defendant, being clearly erro-
neous as to matters of fact, is re-
versed.

2. Louisiana Digest—Evidence—Par. 351;
Obligations—Par. 12.

Where the preponderance of evidence and
the surrounding circumstances clearly
show that the scale of the lumber com-
pany was to be used as a measure, it
must be considered the understanding
of the contract between the lumber
company and the hauler of timber.

Appeal from Vernon Parish. Hon. Hal A.
Burgess, Judge.

Action by D. H. Anderson Lumber Com-
pany against J. F. Robinson and J. F. Rob-
inson against D. H. Anderson Lumber Com-
pany, Inc.

There was judgment for plaintiff, Rob-
inson, and defendant appealed.

Judgment amended and affirmed.

Hardin, Hardin & Cavanaugh, of Lees-
ville, attorneys for plaintiff, appellee.

S. I. Foster, of Leesville, attorney for
defendant, appellant.

LECHE, J., dissents.

MOUTON, J.   In the suit of Anderson
Lumber Company vs. Robinson, the owner-
ship of the timber was decreed to be in
the Lumber Company, and the sequestra-
tion issued therein was perpetuated. There
are no complaints on appeal which would
authorize the reversal or modification of
the judgment rendered in that case.

We will, therefore, direct our attention
in this opinion to the judgment rendered
in the case of Robinson vs. Anderson Lum-
ber Company in which plaintiff, Robinson,
claims the sum of $935.90 against the Lum-
ber Company for loading and hauling
timber.

The court below found that plaintiff
was entitled to recover the sum of $275.00
for the 110,000 feet of lumber which had
been seized by Bradshaw, and bonded by
the defendant company.   The admissions
in the answer of defendant and the proof
adduced fully sustain the finding of the
court for this item.   The evidence shows
that an item of $100.00 was charged for
timber to plaintiff which was decreed to
belong to the company.   The court denied
plaintiff this item.   This was erroneous
as plaintiff can not be charged for timber
adjudged to defendant.   The main conten-
tion is in reference to the claim of
plaintiff in his brief for hauling 91,800 feet
of timber.   Plaintiff contends that accord-
ing to his scaling he is entitled to recover
for the hauling of these 91,800 feet of

timber. The solution of this contention depends on the question as to whether the scaling of the plaintiff or defendant company should be accepted. The District Judge accepted the scale of defendant and denied this item.

The evidence shows that at the time plaintiff was employed, several other men were also engaged in loading and hauling timber for defendant company. These parties, or most of them, testified that to measure the timber the scale of the company was taken as controlling. Several witnesses said that in but few instances the scale of the company was always accepted by those hauling for defendant and other mills.

It is not reasonable to believe that a mill engaging employees to haul timber for it would allow them to do the scaling without the right of revision, and to have their own scale accepted in making settlements with them. Plaintiff says, however, that in this instance the defendant agreed to accept the scale he would make in the woods. This is flatly denied by Wood, one of the scalers of the company, and also by the Andersons, owners of the mill. On this point the preponderance of the evidence is with the company.

Plaintiff, testifying in rebuttal, said he never said Anderson agreed to pay him off by "my scale"; that he thought if there were a little difference between them "we would get together and settle it". Such evidence as this makes it quite clear that plaintiff's scale was not to control, and that the scale of the company was to prevail. The whole trend of the evidence supports this conclusion which we find to be based on proper considerations. The court accepted the scale of the company, as hereinabove stated. We find that the evidence supports this finding, and that there is certainly no such error on this issue to justify a reversal.

The judgment should, however, be increased in the sum of $100.00, and, as thus amended, affirmed.

It is therefore ordered and decreed that as thus amended the judgment be and is hereby affirmed.

## ON REHEARING

ELLIOTT, J. A rehearing was granted in these consolidated cases in order that we might further consider our first finding that J. F. Robinson, appellant, was entitled to a credit on item, "To stumpage T. J. Addison tract, $100.00", charged against him by D. H. Anderson Lumber Company in their account, they having been recognized as the owner of the timber in question. The re-examination has confirmed us in our previous opinion that Robinson is entitled to credit for this amount as held in our former opinion and decree herein.

For this reason our former opinion and decree herein is now reinstated and made the final judgment of this court.

LECHE, J., dissents and believes that Robinson is only entitled to a credit of twenty-five dollars.